# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MOHAMMED OSMAN MOHAMMED,

      Petitioner,

    v.                          Case No. 1:26-cv-00943 KWR-GBW

WARDEN, *Warden of the Torrance County Detention Center,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
MARY DE ANDA-YBARRA, *Field Office Director of the El Paso Field Office,*
*Detention and Removal,*
TODD BLANCHE, *Acting Attorney General of the United States,*
*and* MARKWAYNE MULLIN*, Secretary of the U.S. Department*
*of Homeland Security*,

      Respondents.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

THIS MATTER comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE custody. He asserts that when he arrived at the border, he was released under 8 U.S.C. § 1226(a) through an Order of Release on Recognizance.  Doc. 1 at 5. However, he was arrested by ICE on January 6, 2026.  He alleges that his detention falls under § 1226(a) and he is entitled to a bond hearing or release, but Respondents wrongfully applied § 1225(b)(2)(A) as the basis for his detention, which mandates detention. Petitioner requests release from custody.

However, after the Petition was filed, Petitioner was released. In their Notice of Petitioner's Release, Respondents state that they reviewed the Petition, consulted with Petitioner's counsel to create and implement a release plan, and released Petitioner.  Doc. 6 at 1.  Respondents attached

the Order of Release on Recognizance as proof of his release. *Id.* at 3. They also asserted they would return his belongings in accordance with ICE policy. *Id.* at 1.

Because Petitioner has been released, the Court finds that the habeas petition, which challenged his alleged unlawful detention, is now moot. "Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F. App'x 850, 851–52 (10th Cir. 2010). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citation and quotation omitted). "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction." *Id.* (quoting *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted)). Generally, release from custody may moot a § 2241 habeas petition challenging detention. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (petitioner's "challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of the DHS to benefit from a bond determination or release."); *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716–17 (10th Cir. 2004) (noting that petitioner's release from custody mooted habeas petition which challenged the legality of the duration of his detention).

However, a petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Here, the record does not suggest that any of these circumstances apply. In addition to release, Petitioner requests that the Court enjoin Respondents from detaining him in the future

without first affording him a pre-deprivation hearing.  Doc. 1 at 22.  But Petitioner did not establish in the Petition that the Court can or should award this type of prospective or advisory relief under his habeas petition. His habeas petition focused on allegedly unlawful detention, which now no longer exists. *See Vaupel v. Ortiz*, 244 F. App'x 892, 896 (10th Cir. 2007) (unpublished) (explaining that after petitioner was released, petitioner did not demonstrate secondary or collateral injury where petitioner sought release and declaratory judgment).

Therefore, the Petition is now moot, and this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is dismissed without prejudice as moot.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3